FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 03, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TIMOTHY MYLES<br><br>Plaintiff,<br><br>v.<br><br>BNSF RAILWAY COMPANY,<br><br>Defendant. | No. 4:24-CV-05127-SAB<br><br>**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendant's Motion for Summary, ECF No. 23. Plaintiff is represented by Karen K. Orehoski, Kathryn E. Averwater, Nicholas Thompson, and Joseph A. Grube. Defendant is represented by Britenae M. Pierce and Haley Westman. The Motion was considered without oral argument.

**Background**

Defendant hired Plaintiff as a Foreman Locomotive trainee in Commerce, California in February 2022 as part of Defendant's Experienced First Line Supervisor program. Approximately midway through 2022, Plaintiff received a mid-year Performance Management Program ("PMP") review, wherein his supervisors rated him as "On Target" for every objective in the PMP review.

Shortly thereafter, in August 2022, Defendant transferred Plaintiff to Pasco,

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT # 1**

Washington, where he became a supervisor in the Pasco train yard. To facilitate the transfer, Defendant paid $19,000 in relocation expenses, subject to a Relocation Repayment Agreement, wherein Plaintiff agreed to repay the relocation expenses if he was terminated for misconduct within twenty-four months of his relocation on August 1, 2022.

On September 1, 2022, Plaintiff was promoted to the position of Mechanical Foreman I, and in his year-end PMP review, his supervisors again rated him as "On Target" for every objective, with the exception of the Leadership Objective. Plaintiff was rated as "Needs Improvement" in this category due to running a stop sign while driving a company vehicle.

On February 17, 2023, Plaintiff reportedly left the train yard at approximately 7:00 p.m. and returned between 9:50 p.m. and 10:55 p.m. On February 18, 2023, Plaintiff again reportedly left the train yard, this time from 12:10 a.m. to 3:12 a.m. On February 19, 2023, Plaintiff left his shift at approximately 1:50 a.m. to travel from Spokane to St. Louis to visit his sick child.

On March 30, 2023, Defendant terminated Plaintiff's employment. The termination letter states that "the principal reason . . . is inconsistent work performance and leaving your shift unprotected on February 19, 2023, for several hours."

Plaintiff is suing Defendant for (1) employment discrimination in violation of 42 U.S.C. § 1981, (2) employment discrimination in violation of Title VII, 42 U.S.C. § 2000e, et seq., (3) retaliation in violation of Title VII, and (4) retaliation in violation of 42 U.S.C. § 1981. Claims 3 and 4 were added after Defendant filed a counterclaim for breach of contract because—assuming his termination was due to misconduct and not discrimination—Plaintiff violated the relocation agreement by being terminated for misconduct within twenty-four months of relocation.

### Legal Framework

Summary judgment is appropriate "if the movant shows that there is no

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT # 2**

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

At the summary judgment phase of discrimination cases, courts use the framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under that framework, a plaintiff must first establish a prima facie case of discrimination. *Chuang v. Univ. of California Davis, Bd. of Trs.*, 225 F.3d 1115, 1123 (9th Cir. 2000). To establish a prima facie case of employment discrimination, a plaintiff must demonstrate that (1) the plaintiff is a member of a protected class, (2) the plaintiff was qualified for the position, (3) the plaintiff

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT # 3**

suffered an adverse employment action, and (4) similarly situated employees outside of the plaintiff's class were more favorably treated. *Id*. The degree of proof required to establish a prima facie case is minimal: it does not even rise to the level of a preponderance of the evidence. *Wallis v. J.R. Simplot Co*., 26 F.3d 885, 889 (9th Cir. 1994).

A plaintiff is qualified for a position when the plaintiff generally performs assigned duties dependably and without incident, and any deficiencies in the plaintiff's performance are relatively minor and infrequent. *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1208 (9th Cir. 2008). Evidence that the plaintiff has not received formal write-ups or disciplinary action, as well as a plaintiff's self-assessment of performance, is relevant at the summary judgment phase. *Aragon v. Republic Silver State Disposal Inc*., 292 F.3d 654, 559–60 (9th Cir. 2002).

At a minimum, a plaintiff must show that the plaintiff is similarly situated to the other employee(s) "in all material aspects." *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006). A plaintiff may make this showing by demonstrating that the plaintiff and employee comparators "have similar jobs and display similar conduct." *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003). However, whether employees are similar in all material aspects is a fact-intensive question and the determinative facts will vary depending on the case. *Hawn v. Exec. Jet Mgmt., Inc*., 615 F.3d 1151, 1157 (9th Cir. 2010).

If the plaintiff establishes a prima facie case, the burden of production—but not of persuasion —shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse action. *Chuang*, 225 F.3d at 1124.

If the defendant meets this burden of production, the burden of persuasion then remains with plaintiff to show that the defendant's proffered reason is pretext "[(1)] either directly by persuading the court that a discriminatory reason more likely motivated the employer or [(2)] indirectly by showing that the employer's proffered explanation is unworthy of credence." *Texas Dep't of Community Affairs*

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT # 4**

*v. Burdine*, 450 U.S. 248, 256 (1981). Evidence that the defendant treated similarly situated employees outside of the plaintiff's protected class more favorably is probative of pretext. *Vasquez*, 349 F.3d at 641.

Generally, a plaintiff in an employment discrimination case needs to produce very little evidence at the summary judgment phase because the ultimate question is fact intensive and requires a "searching inquiry." *Chuang*, 225 F.3d at 1124.

To establish a prima facie case of retaliation, a plaintiff must demonstrate that (1) the plaintiff engaged in statutorily protected activity, (2) the plaintiff suffered an adverse employment action, and (3) there is a causal link between the protected activity and adverse action. *E.E.O.C. v. Crown Zellerbach Corp.*, 720 F.2d 1008, 1012 (9th Cir. 1983)

### Analysis

Here, with regard to Plaintiff's employment discrimination claims, neither party disputes that Defendant has produced a nondiscriminatory reason for terminating Plaintiff's employment. However, assuming that Plaintiff has established a prima facie case of employment discrimination, there are material disputes of fact as to whether Defendant's reason is pretext and whether Plaintiff's white coworkers were treated more favorably.

With regard to Plaintiff's retaliation claims, Plaintiff cannot establish a prima facie case because he was fired *before* he filed the lawsuit and thus cannot show a causal link between his filing of the lawsuit and his termination of employment. These claims are **dismissed**.

With regard to Defendant's breach of contract counterclaim, this issue will not be ripe until the underlying discrimination claims are addressed. Therefore, Defendant's Motion is **granted in part and denied in part**.

Accordingly, **IT IS HEREBY ORDERED:**

1.     Defendants' Motion for Summary Judgment, ECF No. 23, is **GRANTED IN PART AND DENIED IN PART.**

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT # 5**

2.    Plaintiff's retaliation claims are **DISMISSED**.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 3rd day of March 2026.



Stan Bastian
Chief United States District Judge

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT # 6**